# EXHIBIT B

# COMPLAINT TO TRANS UNION, LLC

| | | |
|---|---|---|
| **STATE OF MINNESOTA** | Judicial District: | **DISTRICT COURT** |
| **County of Hennepin** | Case Type: | Fourth |
| | | Civil Other/Misc. |

| | |
|---|---|
| Dustin Carpenter,<br>*Plaintiff*<br><br>vs.<br><br>Trans Union LLC, Equifax Information Services LLC, Experian Information Services LLC, Synchrony Bank d/b/a CareCredit d/b/a CareCredit.com, CareCredit LLC<br>*Defendants* | **COMPLAINT** |

Plaintiff, by and through his attorneys, for his complaint against Defendants upon personal knowledge as to his own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1.     The following case highlights a broken collection system that leaves consumers with little to no power to combat blatantly false debts that cripple them from utilizing the credit system. Defendants Synchrony Bank and CareCredit LLC (collectively referred to as "CareCredit") furnished false information to the major credit reporting agencies that Plaintiff owes a nonexistent debt for medical care accumulating interest at the outrageous rate of 26.99%. CareCredit is, by its own account, in the business of providing high interest usury loans to individuals desperate for medical care.

2.     Trans Union LLC, Equifax Information Services LLC, Experian Information Services LLC (collectively referred to as "the CRAs") aid CareCredit in the collection of its usury

3

loans by informing any potential creditors of any individual with a CareCredit account that said induvial owes money to CareCredit.

Plaintiff previously borrowed money from CareCredit after being seriously injured in an accident and after being told that CareCredit was the only option to for him to receive medical care and thereby stop his pain and suffering. After being indebted to CareCredit, plaintiff worked day and night to regain his financial freedom, finally doing so in the summer of 2018.

In April of 2021 Plaintiff reviewed his credit report and immediately discovered that despite him paying off the account, Defendants were reporting that he owed $6,162.00 to CareCredit. Plaintiff promptly requested that this information be reinvestigated by the CRAs by sending certified mail requests for reinvestigation as required by the Fair Credit Reporting Act. Even after Mr. Carpenter overcame the procedural hurdle of disputing this information with the CRAs[1], with one exception, the CRAs incredibly disregarded their duties under federal law and ignored his requests for reinvestigation.  Equifax Information Services LLC ("Equifax") was the only CRA to even respond to Plaintiff's FCRA dispute, however the CRA confirmed the information as correct stating, "We verified this account belongs to you". Equifax additionally stated that they were in communication with "the original source" regarding the information. Thus, CareCredit was made aware of the incorrect reporting, yet falsely certified that the money was due and owing.

As a direct result of Defendants' actions, and despite a lifetime of hard work, Plaintiff's credit score has been decimated making it impossible for him to utilize any aspect of the credit system. This has affected his ability to buy a home, rent an apartment, purchase a car, or to even get a cellular phone. To say defendants have meddled in every aspect of Plaintiff's life is an understatement.

---

[1] The FCRA removed a consumer's ability to take action for defamation under state law. This effectively allows for CRAs to defame individuals with regard to allegations they have not paid debts. The law created procedural hurdles that must be cleared (namely a pre-litigation dispute process) prior to initiating litigation.

Worst yet, Defendants have repeatedly re-aged the false debt in an effort to circumvent Fair Credit Reporting Act protections against obsolete information (information older than 7 years) thereby assuring the debt will remain on Plaintiff's credit report perpetually.

## STATEMENT OF JURISDICTION AND VENUE

3.      This Court has Jurisdiction over the subject matter of this action pursuant to Minn. Stat. §484.01: This Court similarly has original subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

4.      Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### PARTIES

5.      Plaintiff is an adult resident of Hennepin, Minnesota.

6.      Defendant Synchrony Bank d/b/a CareCredit d/b/a CareCredit.com is a federal savings bank with a headquarters at 170 West Election Road, Suite 125, Draper, UT 84020.

7.      CareCredit, LLC does not have any publicly listed addresses and utilizes the contact information of Synchrony Bank for all correspondence.

8.      Equifax is a nationally recognized consumer reporting agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

9.      Trans Union LLC ("Trans Union") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Delaware: Trans Union has a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

10.      Experian Information Services LLC ("Experian") is a nationally recognized consumer reporting agency (CRA) registered as a Limited Liability Company in the state of Ohio: Experian has a service of process address listed as 1010 Dale St N. St Paul, Minnesota.

11.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants all conducted business in the State of Minnesota and in the County of Hennepin.

## FACTS

12. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by § 1681a(c).

13. The alleged debt owed by Plaintiff is related to a personal credit card services and is therefore a consumer debt.

14. Plaintiff is an individual "consumer" as defined by § 1681a(c).

15. The Defendants Equifax, Trans Union, and Experian ("the CRAs") are consumer reporting agencies ("CRAs") as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) because the companies are in the business of assembling and analyzing consumer information before selling consumer reports to third parties.

16. The CRAs prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information, including that Plaintiff was responsible for thousands of dollars in debt.

17. Various individuals seeking to lend to Plaintiff consulted Plaintiff's consumer reports containing the false information at issue.

18. The direct result of the CRAs issuance of consumer reports to potential lenders containing the false information at issue has caused significant damage to the perceived reputation of Plaintiff and to his ability to borrow money, conduct commerce, and function within modern society.

19. Specifically, the CRAs false reports have, to date, prevented Plaintiff from obtaining a home loan and purchasing a home.

20. As a direct result of the CRAs' conduct, Plaintiff has suffered from increased stress, anger, frustration, anxiety and, the loss of the ability to borrow money on favorable terms and thereby loss of a means of improving his social and economic position.

21. In April of 2021 Plaintiff noticed a tradeline on his credit report indicating he owed a debt of $6,162.00 to CareCredit. In fact, Plaintiff previously paid or caused to be paid his debt to CareCredit in full.

22. Plaintiff promptly disputed the alleged debt with the CRAs.

23. Specifically, Plaintiff sent all Defendants such notices via certified mail on or about April 9, 2021.

24. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

25. Equifax was the only Defendant to make any response to Plaintiff.

26. Equifax stated it had investigated the disputed information and confirmed that Mr. Carpenter was responsible for the debt.

27. Based on this, Plaintiff alleges that his dispute information was communicated from the CRAs to CareCredit and that CareCredit verified the information as accurate.

28. Trans Union and Experian both failed to respond to Mr. Carpenter's dispute yet failed to delete the information as required by law.

29. In fact, according to mailing records complied by counsel's staff, Trans Union has consistently failed to retrieve mail from its post office box, showing a particularly cavalier attitude to discharging its duties under the FCRA.

30. CareCredit similarly updated the account in question to reflect that the account was active in 2021 thereby attempting to circumvent Fair Credit Reporting Act (15 U.S.C. §1681c) protections

7

against obsolete information (information older than 7 years) thereby assuring the debt will
remain on Plaintiff's credit report perpetually.

31. By failing to reasonably investigate and correct the false information it reported to the CRAs
about Plaintiff after notice of the errors as transmitted by and though the CRAs, CareCredit
violated Section 623 of the FCRA, 15 U.S.C. § 1681s-2.

32. Despite the plainly false nature of the Alleged Debt, it remains on Plaintiff's credit report.

33. The direct result of Defendants false reporting was significant damage to Plaintiff's credit rating
thereby making it impossible for Plaintiff to obtain favorable loans or any reasonably priced
credit card.

34. As a result of Defendants' conduct, Plaintiff suffered from anger, frustration, anxiety, and
humiliation and has been unfairly excluded from the benefits of the credit system.

35. Similarly, as a further result of Defendants' systematic failure to fulfill their statutory duties as
CRAs and furnishers, Plaintiff suffered personal financial loss and loss of standing in the
community.

36. Plaintiff was further harmed by incurring legal and professional fees in consulting with various
experts regarding the course of action for correcting the errors and in bringing this suit.


**APPLICABLE STATUTORY LAW**


37. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 607(b), 15
U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure
the maximum possible accuracy of consumer report information, including assuring that
only information pertaining to the consumer at issue is contained in his or his report and
that procedures exist to assure outdated information is not contained on consumer
reports.

38. Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

39. The same section requires that notice of the reinvestigation be promptly provided to the furnisher of the credit information.

40. If after any reinvestigation an item is found to be inaccurate or cannot be verified, the CRA must promptly delete that item from the file of the consumer.

41. Furnishers of information to CRAs must also comply with certain aspects of the Act. Section 623 of the FCRA, 15 U.S.C. § 1681s-2, addresses the duties of persons who furnish information to the CRAs. This section of the Act prohibits a furnisher from reporting any information to a CRA if the person knows or has reasonable cause to believe that the information is inaccurate.

42. CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

**FIRST COUNT**
**Willful Noncompliance with the FCRA**
(Against All Parties)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The CRAs all willfully failed to comply with the requirements of FCRA, including but not limited to:

    a.   failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

    b.   failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in

           assuring consumer reports are prepared with maximum possible accuracy;

    c.   failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to

           conduct a reinvestigation of the disputed information;

45. Additionally, Trans Union and Experian both willfully failed to comply with the requirements of

    FCRA, including but not limited to:

    d.   Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the

           results of its investigation.

46. CareCredit similarly willfully failed to comply with the requirements of the FCRA, including but

    not limited to:

    a.   failing to comply with the requirements of Section 623 including a) reporting

           information with actual knowledge of errors and b) continuing to report false

           information after notice from the consumer that the information was false and

           outdated.

47. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered,

    and continues to suffer, actual damages, including economic loss, lost opportunity to receive

    credit, damage to reputation, interference with his normal and usual activities, emotional distress,

    anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff

    seeks damages in an amount to be determined by the jury.

**SECOND COUNT**
**Negligent Noncompliance with the FCRA**
(Against All Defendants)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

    stated herein.

49. The CRAs negligently failed to comply with the requirements of the FCRA, including but not limited to:

    a.  failing to comply with the requirements of Section 607(b), 15 USC § 1681e(b), in assuring consumer reports are prepared with maximum possible accuracy;

    b.  failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed information;

    c.  failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

50. Additionally, Trans Union and Equifax both willfully failed to comply with the requirements of FCRA, including but not limited to:

    e.  Section 611, 15 USC § 1681i(a)(6), in failing to even attempt to notify Plaintiff of the results of its investigation.

51. CareCredit similarly willfully failed to comply with the requirements of the FCRA, including but not limited to:

    b.  failing to comply with the requirements of Section 623 including a) reporting information with actual knowledge of errors and b) continuing to report false information after notice from the consumer that the information was false and outdated.

52. As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

11

**Jury Demand**

53. Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, by and through his attorney, respectfully prays for Judgment to be

entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     statutory damages in an amount up to $1,000.00 per violation pursuant to 15

            U.S.C. §1681n;

      c.     Injunctive relief prohibiting such conduct in the future;

      d.     Reasonable attorney's fees, litigation expenses, and cost of suit; and

      e.     Any other relief deemed appropriate by this Honorable Court.


Dated: July 11, 2021          **MINNESOTA LEGAL ASSISTANCE**

                            s/ David J.S. Madgett
                            David J.S. Madgett (#0390494)
                            1161 E. Wayzata Blvd. #314
                            Wayzata MN 55391
                            (612) 470-6529
                            dmadgett@mnlegalassistance.com

                            ATTORNEY FOR PLAINTIFF